IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OSIRIS JACKSON,** | : | |
| Petitioner | : | **CIVIL NO. 1:CV-10-00756** |
| v. | : | **(Judge Rambo)** |
| **WILLIAM SCHISM,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Petitioner Osiris Jackson ("Jackson"), an inmate currently incarcerated at the Low Security Correctional Institution in Allenwood, Pennsylvania ("LSCI-Allenwood"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 9, 2010, seeking an order compelling Respondent to reconsider the length of his pre-release custody placement in a residential re-entry center ("RRC") in accordance with the Second Chance Act of 2007. (Doc. 1.) For the reasons that follow, the petition will be denied.

## **I.  Background**

Jackson was sentenced on February 4, 2003, in the United States District Court for the Eastern District of Pennsylvania to a 103-month term of imprisonment for conspiracy to distribute cocaine, distribution of cocaine, aiding and abetting, felon in

possession of a firearm, and possession of a firearm in furtherance of drug trafficking. (Doc. 6-2 at 3-7, Decl. of Bruce Beaver ¶ 2.) His projected release date is April 11, 2011, via good time release. (*Id.* at 4 ¶ 2.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Second Chance Act increases the duration of pre-release placement in an RRC from six to twelve months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). (Apr. 9, 2008). Thereafter, the BOP issued two guidance memoranda, dated April 14, 2008 (Doc. 6-2, Attach. 1 at 9-18), and November 14, 2008, both of which required approval from the Regional Director for RRC placements longer than six months. The interim regulations that passed on October 21, 2008, state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). Moreover, "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined

2

on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22 (Oct. 21, 2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and Unit Team seventeen to nineteen months prior to the inmate's probable release date. (Doc. 6-2 at 4 ¶ 3.) After approval from the Warden, referrals are then forwarded to the Community Corrections Manager at least sixty days prior to the maximum recommended date. (*Id*. at 4 ¶ 4, citing BOP Program Statement 7310.04, *Community Corrections Center Utilization and Transfer Procedures*.)

On August 26, 2009, Jackson's Unit Team conducted a program review to discuss his anticipated RRC placement and informed him that a recommendation for a 150-180 day RRC placement would be proposed. (Doc. 6-2 at ¶¶ 6, 7; Doc. 6-2, Attach. 3, at 50.) The Unit Team's recommendation was based on Jackson's sentence length; his current and prior convictions; any criteria set forth by the United States Sentencing Commission; and the facts that he has a high school diploma; he was previously a business owner; he completed the drug abuse education program, but declined the residential drug abuse program ("RDAP"); and he had previous disciplinary infractions while incarcerated. (Doc. 6-2 at 5 ¶ 7; Doc. 6-2, Attach. 3 at

50; Doc. 6-2, Attach. 4 at 52-65.) Additionally, it was noted that Jackson had secured release residency and employment upon his release. (Doc. 6-2 at 5 ¶ 7; Doc. 6-2, Attach. 3 at 50.) On March 4, 2010, the proposed recommendation for a 150 day placement was approved by the Warden. (Doc. 6-2 at 5 ¶ 8.) Jackson is scheduled for referral to an RRC on November 23, 2010. (*Id*. at ¶ 9.)

Jackson filed his habeas petition on April 9, 2010. (Doc. 1.) An order to show cause was issued on June 10, 2010, (Doc. 4), and Respondent filed an answer on June 30, 2010, (Doc. 6). Jackson filed a traverse on August 2, 2010. (Doc. 9.) Thus, the petition is now ripe for disposition.

## II.    Discussion

The habeas statute upon which Jackson relies to challenge the timing of his pre-release placement, 28 U.S.C. § 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). The Third Circuit Court of Appeals has concluded that section 2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005).

Turning to the merits of the petition,[1] the court initially sets forth the following. The BOP has authority to determine inmate placements according to 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) gives the BOP authority to determine the location of an inmate's imprisonment by considering (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court concerning the purpose for which the sentence was imposed or a recommendation of a particular type of correctional facility; (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. Section 3624(c) "describes the BOP's obligation to prepare prisoners for community re-entry by, *inter alia*, placing them in community confinement." *Woodall*, 432 F.3d at 239. When considering an individual's eligibility for pre-release placement in an RRC, the BOP is required to ensure that decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

---

[1] Because Respondent does not raise an argument that Jackson failed to exhaust his administrative remedies prior to filing his habeas petition, the court will not address this threshold issue.

In his petition, Jackson argues that the BOP denied him pre-release RRC placement longer than 150 days due to the BOP's "customary practice" that limits RRC placement to six months or less. (Doc. 9 at 1.) He also argues that the BOP's "abuse of discretion" violates the Due Process Clause by not properly considering his individual facts and circumstances. (*Id*.)

In support of his position, Jackson relies on the case of *Krueger v. Martinez*, 665 F.Supp. 2d 477 (M.D. Pa. 2009), in which this court found that: (1) the agency requirement of prior Regional Director approval for 12-month RRC placements; and (2) the agency's stated position that an inmate's pre-release RRC needs can usually be accommodated by a placement of six months or less, so restrict inmate access to the 12-month RRC programs permitted under the Second Chance Act that they constitute an abuse of discretion by the BOP. *Id*.; *see also Strong v. Schultz*, 599 F.Supp. 2d 556 (D. N.J. 2009). In *Krueger*, this court also observed that in making its particular RRC placement the agency appeared to have failed to consider a statutory requirement under 42 U.S.C. § 17541 that the BOP use early RRC placements to create incentives for inmates to participate in educational programs. *Id*., 665 F.Supp. 2d at 484-86. The court granted habeas relief, but simply directed the agency to reexamine its

decision without taking into consideration the general agency policy guidance which the court found to violate the goals of the Act.

Since this holding, however, the majority view of the courts has been that the BOP's requirement of Regional Director approval, and the agency's stated view that many inmates can have their needs met through 150-180 day RRC placements, do not violate the Second Chance Act. *See Stokes v. Norwood*, No. 10-5645, 2010 WL 1930581, at *6 (D. N.J. May 12, 2010) (collecting cases); *see also McDonald v. Obama*, Civ. No. 1:10-cv-379, 2010 WL 1526443, at *6 (Mar. 15, 2010) (collecting cases); *Wires v. Bledsoe*, No. 09-2247, 2010 WL 427769, at *4 (M.D. Pa. Feb. 3, 2010) (finding that the record clearly established that the petitioner's unit team gave petitioner individualized consideration for RRC placement consistent with the five factors of section 3621(b)). Thus, Jackson's claim relating to the BOP's illegal "customary practice" will be denied.

Turning to his claim relating to individual assessment by the BOP Unit Team, the court notes that in evaluating Jackson's eligibility for RRC placement, the Unit Team considered the resources of the facility contemplated and noted that he has already secured a release residence. (Doc. 6-2 at 50.) The Team also considered the nature of the offenses of conspiracy to distribute cocaine, distribution of cocaine, and

aiding and abetting. (*Id.*) It noted that he has above-average drug programming, but had declined RDAP. (*Id.*) The Team also considered Jackson's prior disciplinary infractions, including a code 108 violation of possession of a cell phone and MP3 player. (*Id.*) Overall, the record here clearly establishes that Jackson's Unit Team gave him individualized consideration consistent with the factors of section 3621(b). As a result, Jackson's claim relating to the BOP's "abuse of discretion" will be denied.

Finally, in an attachment to his petition, Jackson seemingly argues that he is entitled to a 6-month RRC placement for completing 40 hours of drug programs. (Doc. 1 at 9.) However, as Respondent correctly explains in his response, Jackson's participation in the Drug Abuse Education ("Drug Ed") program does not make him eligible for early release under 18 U.S.C. § 3621(e). In accordance with 28 C.F.R. Chapter 5 and BOP Program Statement 5330.11, Psychology Treatments, the BOP offers several types of drug education programs, namely the Drug Ed program, the non-residential drug treatment program, and the RDAP program. (Doc. 6-2, Attach. 6; Doc. 6-2, Attach. 7.) It is only the RDAP program that offers early release under 18 U.S.C. § 3621(e) upon successful completion of the program. 18 U.S.C. § 3621(e)(2). (*See also* Doc. 6-2, Attach. 7.) Had Jackson successfully completed the RDAP, he may have been eligible for early release. *See* 18 U.S.C. § 3621(e)(2)(B). However,

8

Jackson did not participate in the RDAP program.  Thus, he is not eligible for early release under section 3621(e), and his argument here fails.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus (Doc. 1) will be denied.  An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated:  October 4, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**OSIRIS JACKSON,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-10-00756**
:
**v.** : **(Judge Rambo)**
:
**WILLIAM SCHISM,** :
:
    **Respondent** :

# **O R D E R**

**AND NOW**, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

                                           s/Sylvia H. Rambo
                                           United States District Judge

Dated: October 4, 2010.